# IN THE COURT OF COMMON PLEAS

# HAMILTON COUNTY, OHIO

| | |
|---|---|
| WILLIAM COLLINS<br>7506 Vine Street<br>Cincinnati, OH 45216<br>Plaintiff, pro se<br><br>v.<br><br>AUCTIONACCESS, LLC<br>2200 Woodcrest Place, Suite 120<br>Birmingham, AL 35209<br>　　　Defendant<br><br>AUCTION INSURANCE AGENCY<br>2200 Woodcrest Place, Suite 200<br>Birmingham, AL 35209<br>　　　Defendant | CASE NO.<br><br>JUDGE<br><br><br><br>MANHEIM REMARKETING, INC.<br>6325 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328<br>　　　Defendant<br><br>ADESA U.S. LLC<br>12900 N Meridian Street, Suite 200<br>Carmel, IN 46032<br>　　　Defendant |

**<u>Verified Complaint and Jury Demand for Civil RICO,</u>**

**<u>Tortious Interference, Defamation, Unfair/Deceptive</u>**

**<u>Trade Practices, and Civil Conspiracy</u>**

VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff William Collins, for his Complaint against Defendants AuctionAccess, Auction Insurance Agency, ADESA, and Manheim, states as follows:

**<u>I. PARTIES, JURISDICTION, AND VENUE</u>**

1. Plaintiff William Collins is an individual in Cincinnati, Ohio.

2. Defendant AuctionAccess, LLC is a limited liability company with its principal office at 2200 Woodcrest Place, Suite 120, Birmingham, AL 35209.

3. Defendant Auction Insurance Agency has its office at 2200 Woodcrest Place, Suite 200, Birmingham, AL 35209.

4. Defendant ADESA U.S. LLC operates wholesale auto auctions nationwide with its office at 12900 N Meridian Street, Suite 200, Carmel, IN 46032.

5. Defendant Manheim Remarketing, Inc. operates wholesale auto auctions nationwide with its office at 6325 Peachtree Dunwoody Road NE, Atlanta, GA 30328.

6. Venue and jurisdiction are proper in this Court under Ohio law because the wrongful conduct occurred in Hamilton County and caused injury to Plaintiff's Ohio-based business.

## II. FACTUAL ALLEGATIONS

7. Plaintiff buys and sells motor vehicles for profit in Ohio. His business requires participation in wholesale vehicle auctions.

8. Defendants together control access to nearly all wholesale vehicle auction platforms.

9. Plaintiff was never notified of any valid debt or contractual breach.

10. On July 31, 2025, Plaintiff emailed Tonya Aaron at TrustAltus requesting documentation regarding a claimed debt of $7,890.80 attributed by Manheim. No documentation has ever been provided.

11. Despite lack of proof, Defendants blocked Plaintiff from participating in any auction.

12. When Plaintiff logs into Defendants' auction platforms, messages state that he is unable to participate.

13. All Defendants cite the same alleged debt as the reason for blocking access.

14. Plaintiff has lost customers who sought particular vehicles he could not obtain, resulting in more than $35,000 in lost revenue.

15. Plaintiff owes no money to Defendants. Their coordinated actions have deprived him of his livelihood.

### III. CAUSES OF ACTION

COUNT I – Civil RICO (18 U.S.C. §1962(c), (d))

16. Defendants formed and operated an enterprise to restrain Plaintiff's business.

17. They engaged in racketeering activity, including wire fraud, mail fraud, and extortion by conditioning Plaintiff's business access on a debt never verified.

18. Their coordinated actions constitute a pattern of racketeering activity.

19. Plaintiff has been injured in his business and property, including over $35,000 in lost revenue.

### COUNT II – Tortious Interference with Business Relations

20. Plaintiff had business expectancies with customers who wanted vehicles.

21. Defendants knew of Plaintiff's business and intentionally interfered by denying access to auctions.

22. This caused loss of contracts and revenue.

## COUNT III – Defamation / Trade Libel

23. Defendants falsely stated or implied Plaintiff owed $7,890.80.

24. Such statements injured Plaintiff's reputation and standing in the vehicle auction industry.

## COUNT IV – Unfair and Deceptive Trade Practices (Ohio Rev. Code §1345.01 et seq.)

25. Defendants' conduct constitutes unfair or deceptive trade practices, including misrepresentation of debt and collusion to block Plaintiff from the market.

## COUNT V – Civil Conspiracy

26. Defendants combined to injure Plaintiff by preventing his participation in auctions.

27. Their concerted actions caused direct harm and loss of business.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a. Preliminary and permanent injunctions restoring Plaintiff's access to all auctions;

b. Declaratory judgment that Plaintiff owes no debt to Defendants;

c. Compensatory damages in excess of $35,000;

d. Treble damages under civil RICO;

e. Attorney's fees and costs;

f. Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ William Collins_____
William Collins, pro se
7506 Vine St
Cincinnati, OH 45216
Phone: (513) 546-8787

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Clerk of court certified mail.

| | |
|---|---|
| AUCTIONACCESS, LLC | MANHEIM REMARKETING, INC. |
| 2200 Woodcrest Place, Suite 120 | 6325 Peachtree Dunwoody Road NE |
| Birmingham, AL 35209 | Atlanta, GA 3032 |
| Defendant | Defendant |
| | |
| AUCTION INSURANCE AGENCY | ADESA U.S. LLC |
| 2200 Woodcrest Place, Suite 200 | 12900 N Meridian Street, Suite 200 |
| Birmingham, AL 35209 | Carmel, IN 46032 |
| Defendant | Defendant |

Respectfully submitted,

/s/ William Collins_____

William Collins, pro se
7506 Vine St
Cincinnati, Ohio 45216
Phone: (513) 546-8787